# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERIC LACEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:18-cv-344-SNLJ |
| | ) |
| ST. LOUIS UNIVERSITY HOSPITAL, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the reasons stated below, this case will be dismissed, without prejudice.

The background and procedural history of this case is fully set forth in this Court's July 20, 2018 Memorandum and Order. Briefly, however, plaintiff is a federal prisoner who filed a complaint, followed by an amended complaint, against St. Louis University Hospital and Dr. Phillip Mercier. In both, he alleged he suffered complications following a surgical procedure performed by Dr. Mercier in February of 2016. He alleged Dr. Mercier should have tried conservative treatment methods before performing surgery. He set forth no allegations specific to St. Louis University Hospital.

In an attempt to establish this Court's jurisdiction over this action, plaintiff averred that his claims arose under 42 U.S.C. § 1983 and also under the Federal Tort Claims Act ("FTCA"). He also cited 28 U.S.C. § 1343, in an apparent attempt to refer to the jurisdictional counterpart to § 1983. He stated he was currently incarcerated in a federal prison in Illinois, but he specifically stated that his complaint had nothing to do with state or federal incarceration. Plaintiff also

stated that he and the defendants were citizens of different states,[1] and that he wanted to be compensated and have his medical bills paid.  Plaintiff also stated that a correctional facility doctor gave him muscle relaxers and ibuprofen.  However, plaintiff did not indicate the amount of any of his medical bills, state any particular amount of compensation, or provide any other information tending to establish a sufficient jurisdictional amount.

In an Order dated July 20, 2018, this Court determined that it appeared to lack jurisdiction over this action.  Specifically, the Court determined that neither defendant was subject to suit under the FTCA.  The Court also determined that plaintiff's complaint did not state claims arising under § 1983, as plaintiff's allegations did not establish that either defendant could be considered a state actor.  Finally, the Court determined that plaintiff had made no attempt to establish that the amount in controversy exceeded the jurisdictional minimum required for diversity jurisdiction.  The Court clearly explained the foregoing to plaintiff, and clearly explained that if he wanted to proceed in federal court, he had the burden of showing that this Court had subject matter jurisdiction.  The Court gave plaintiff the opportunity to respond and show cause why his case should not be dismissed.  In so doing, the Court clearly stated that plaintiff's failure to file a timely response would result in the dismissal of his case, without prejudice and without further notice.  Plaintiff's response was due on August 20, 2018.  To date, however, he has neither responded to the Court's Order, nor sought additional time to do so.

Federal courts are courts of limited jurisdiction.  They must presume that a case lies outside their limited jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  In diversity cases, the proponent of diversity jurisdiction has the burden of proving that

---

[1] In setting forth Dr. Mercier's state of residence, plaintiff offered only the address of St. Louis University Hospital, Dr. Mercier's employer.

the amount in controversy exceeds the jurisdictional minimum. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Here, despite being given ample opportunity to do so, plaintiff has failed to meet his burden of establishing a basis for this Court's jurisdiction. The Court will therefore dismiss this action pursuant to Rule 12(h)(3). If plaintiff has stated a claim of any kind, it arises under state law, and may be brought in a state forum. The Court notes that this dismissal is without prejudice to reassertion in a state forum. This case is also subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as plaintiff failed to comply with this Court's July 22, 2018 Order. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE